## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, PLAINTIFF,

v.

X-TREME TECH SERVICES, LLC.

CIVIL ACTION
NO. 24-1829

JURY DEMAND

### COMPLAINT

#### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Kristen Cedotal. The defendant, X-Treme Tech Services, LLC (hereinafter "X-Treme Tech" or "Defendant"), subjected Ms. Cedotal to a sexually hostile work environment, discharged her because of sex, and retaliated against her for opposing the hostile work environment or otherwise engaging in activity protected by Title VII.

#### JURISDICTION & VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3), and pursuant to Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

1

2.     The employment practices alleged to be unlawful were committed in the State of Louisiana and, therefore, within the jurisdiction and venue of this Court pursuant to Title VII, 42 U.S.C. § 2000e-5(f)(3).

PARTIES

3.     Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.     At all relevant times, X-Treme Tech has continuously been a limited liability company doing business in the State of Louisiana.

5.     At all relevant times, X-Treme Tech has continuously been an employer engaged in an industry affecting commerce under Title VII, 42 U.S.C.§ 2000e(b), (g), and (h).

ADMINISTRATIVE PROCEDURES

6.     More than 30 days before the institution of this action, Ms. Cedotal filed a charge of discrimination ("charge") with the Commission alleging violations of Title VII by X-Treme Tech.

7.     On or about July 25, 2022, the Commission issued to X-Treme Tech a letter of determination ("determination") finding reasonable cause to believe that it violated Title VII and inviting it to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.    The Commission engaged in communications with X-Treme Tech to provide the opportunity to remedy the discriminatory practices described in the determination.

9.    On or about September 20, 2022, the Commission issued to X-Treme Tech a notice of conciliation failure, advising that the Commission was unable to secure a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this action have been fulfilled.

FACTUAL ALLEGATIONS

11.    Ms. Cedotal began her employment at X-Treme Tech on or about May 13, 2019, as an Administrative Assistant under the direct supervision of Jordan Maddocks and Shawn Bernard.

12.    After offering Ms. Cedotal employment in April 2019 and during her employment, Maddocks repeatedly and persistently subjected Ms. Cedotal to sexual advances, including by sending her numerous sexually explicit text messages.

13.    Maddocks commented on Ms. Cedotal's breasts.  He stated she looked "mature" and asked her if she had a "boob job."  He commented "thank god you weren't wearing a low-cut shirt."

14.    Maddocks asked if Ms. Cedotal preferred an I-phone or I-phone plus to use for work because "size matters" to some people, which Ms. Cedotal understood to be a reference to the size of a penis.

15.    Maddocks slapped Ms. Cedotal on the buttocks when they were alone at the office and attempted to kiss her.

16.    For months, Maddocks made a sexually suggestive comment to Ms. Cedotal at least once a week.

17.    Ms. Cedotal did not invite Maddocks's sexually offensive conduct and did not welcome it. Maddocks's conduct adversely altered the terms, conditions, or privileges of Ms. Cedotal's employment and caused her harm.

18.    Ms. Cedotal opposed Maddocks's conduct by resisting his sexual advances.

19.    In July 2019, Maddocks sent Ms. Cedotal a series of sexually explicit photos. He sexually propositioned Ms. Cedotal, stating, "I'll wait till you finish and Shawn [Bernard] leaves…my desk is perfect height if you sit on it, I could stay sitting on my chair…"

20.    In response, Ms. Cedotal instructed Maddocks to "do your work" and made repeated attempts to shut down the conversation.

21.    Maddocks reacted negatively to Ms. Cedotal's resistance to his demands.

22.    In or around September 2019, Maddocks went on a leave of absence. During his absence, Ms. Cetodal was solely supervised by Shawn Bernard and the sexual comments ceased.

23.    At all relevant times, Shawn Bernard was an officer of X-Treme Tech.

24.    While under Bernard's sole direct supervision Ms. Cedotal was never disciplined for her work performance.

25.    When Maddocks returned to work in or around April 2020, Ms. Cedotal began reporting to him again and his demeanor towards her changed.

26.    Maddocks stopped talking to Ms. Cedotal other than about work assignments.  When he did talk to her, he nitpicked and unfairly criticized her work. He was hostile and unfriendly towards her but acted normally around his male colleagues. His hostility towards Ms. Cedotal was because of her rejection of his sexual advances and conduct, and it altered the terms, conditions, or privileges of her employment, causing her harm.

27.    In June and July 2020, Maddocks sent Ms. Cedotal a number of communications criticizing her performance.

28.    The criticisms were unwarranted and were motivated by Ms. Cedotal's resistance to and rejection of Maddocks's sexual advances and conduct.

29.    Maddocks then met with Bernard and recommended her termination.

30.    On July 30, 2020, Maddocks terminated Ms. Cedotal.

31.    At all relevant times, X-Treme Tech failed to take reasonable measures to prevent sexual harassment in its workplace.

32.    Maddocks terminated Ms. Cetodal because she resisted his sexual advances and/or because of her sex, causing her harm.

33.    X-Treme Tech's actions were willful or in reckless disregard of Ms. Cedotal's federally protected right to be free from sex discrimination  and retaliation in the workplace.

CAUSE OF ACTION/CLAIM

TITLE VII

34.    Through the conduct alleged herein, including in paragraphs 12-33, from at least April 2019 through July 2020, X-Treme Tech engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by subjecting Ms. Cedotal to a hostile work environment on the basis of her sex (female).

35.    Through the conduct alleged herein, including in paragraphs 12-33, in July 2020, X-Treme Tech engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), by terminating Ms. Cedotal because of her sex (female).

36.    Through the conduct alleged herein, including in paragraphs 25-33, since at least April 2020, Defendant engaged in unlawful employment practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000e-3(a), by retaliating against Ms. Cedotal by discharging her because she resisted Maddock's sexual advances and engaged in activity protected by Title VII.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

    A. Grant a permanent injunction enjoining X-Treme Tech its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against its employees on the basis of sex.

6

B.  Order X-Treme Tech to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and that eradicate the effects of its past and present unlawful employment practices.

C.  Grant a permanent injunction enjoining X-Treme Tech its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating any employee or applicant for engaging in activity protected by Title VII.

D.  Order X-Treme Tech to institute and carry out policies, practices, and programs that prevent retaliation for engaging in activity protected by Title VII and that eradicate the effects of its past and present unlawful employment practices.

E.  Order X-Treme Tech to post and keep posted the notices required by Title VII, 42 U.S.C. § 2000e-10(a).

F.  Order X-Treme Tech to make and preserve all records relevant to the determination of whether unlawful employment practices have been or are being committed, in accordance with Title VII, 42 U.S.C. § 2000e-8(c).

G.  Order X-Treme Tech to make Ms. Cedotal whole by providing compensation for past and future pecuniary and nonpecuniary losses resulting from the unlawful practices complained of above, including

backpay, emotional pain and suffering, inconvenience, and humiliation, in amounts to be determined at trial.

H. Order X-Treme Tech to pay punitive damages for its malicious and/or reckless conduct, as described above, in amounts to be determined at trial.

I. Grant such further relief as the Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by this Complaint that are triable to a jury.

Respectfully submitted,

**Gwendolyn Young Reams**
Acting General Counsel
U.S. Equal Employment Opportunity Commission

**Christopher Lage**
Deputy General Counsel
U.S. Equal Employment Opportunity Commission

**Rudy L. Sustaita**
Regional Attorney
U.S. Equal Employment Opportunity Commission

**Gregory T. Juge**
Assistant Regional Attorney
U.S. Equal Employment Opportunity Commission

_/s/ Elizabeth J. Owen_____

**Elizabeth J. Owen**, (#33620), T.A.
    elizabeth.owen@eeoc.gov | (504) 635-2535
**Jacqueline C. Barber** (#36362)
    jacqueline.barber@eeoc.gov | (504) 635-2572
**Peter F. Theis** (#34786)
    peter.theis@eeoc.gov | (504) 635-2548
**Scott D. Wilson** (#19835)
    scott.wilson@eeoc.gov | (504) 635-2569
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New Orleans Field Office
Hale Boggs Federal Building
500 Poydras Street, Suite 809
New Orleans, LA 70130

COUNSEL FOR U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**REGISTERED AGENT FOR SERVICE OF PROCESS:**

Shawn J. Bernard
500 Riverside Dr.
Berwick, LA 70342.